


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA MITCHELL *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:16-cv-00833-CLS** |
| | ) | |
| **CARRINGTON MORTGAGE SERVICES, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Barbara Lee Mitchell, Homer Ray Mitchell, and Michael Ray Mitchell originally filed this action in the Circuit Court of Jackson County, Alabama, asserting claims of "negligence, wantonness, trespass, and nuisance arising out of Defendant's failure to ameliorate a faulty septic tank and the resultant sewage on Plaintiffs' property."[1] Defendant Carrington Mortgage Services, L.L.C., timely removed the action on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). This action is before the court on plaintiffs' motion to remand,[2] and defendant's response thereto.[3] In support of their motion to remand, plaintiffs state, in pertinent part:

> 2. On May 17, 2016, counsel for Defendant emailed counsel for Plaintiff asking for a written demand to accompany his "report" to

---

[1] Doc. no. 4 (Motion to Remand and Brief in Support Thereof), at 1.

[2] Doc. no. 4.

[3] Doc. no. 6.

his client. (Email from defense counsel attached as Plaintiff's "Exhibit A."). Defense counsel made multiple overtures regarding "resolution" of this case, one of which can be seen in Exhibit A.

3. On May 17, 2016, in response to defense counsel's overtures regarding settlement, counsel for Plaintiff prepared a written demand for $100,000, or in the alternative, for $75,000 and title to the land held by Defendant. (Demand Letter attached as Plaintiff's "Exhibit B."). The demand letter was sent to defense counsel on May 17, 2016.

4. On May 19, 2016, Defendant filed its Notice of Removal based on diversity of citizenship federal jurisdiction under 28 U.S.C. § 1332.

5. Plaintiff's Complaint does not seek a specific amount of damages. Defendant's sole evidence for establishing that the amount in controversy exceeds $75,000 is the written demand prepared by Plaintiffs' counsel.

Doc. no. 4 (Motion to Remand and Brief in Support Thereof), at 1-2. In summary, plaintiffs seek remand on the basis that defendant has failed to demonstrate, by a preponderance of the evidence, that their claims exceed $75,000 in value. *See* 28 U.S.C. § 1332(a) (specifying that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and, there exists complete diversity of citizenship).

Defendant responds as follows:

1. Plaintiffs' Complaint asserts counts for negligence, wantonness, nuisance, and trespass. (Doc. 1-3.). They request compensatory and punitive damages, but do not specify or limit the amount of damages. (*E.g.*, Doc. 1-3, at 9-11.) Plaintiffs' compensatory damages include mental anguish, diminution in property value, and loss of use. (Doc. 1-3, at 9-11).

> 2. Plaintiffs claim to have lost the use of their property (including front and back yard), and to have suffered "substantial" mental anguish from "the stench of the sewage." (Doc. 1-1, at Irrog. 28; Doc. 1-2.) According to Plaintiffs' Complaint, the issue has been on-going for "months upon months" (Doc. 1-1, at Irrog. 26) "every day for over a year" (Doc. 1-2).
>
> 3. In his responses to Carrington's Interrogatories, Plaintiff Mike Mitchell valued Plaintiffs' property between $200,000.00-$250,000.00. (Doc. 1-1, at Irrog. 27.); *c.f.* Fed. R. Evid. 701; *Neff v. Kehoe*, 708 F.2d 639, 643 (11th Cir. 1983) (holding that Fed. R. Evid. 701 permits lay opinion regarding property value).
>
> 4. Plaintiffs are seeking compensatory and punitive damages for costs associated with the cleanup of the contamination they claim has occurred. (Doc. 1-1, at Irrog. 25; Doc. 1-2; Doc. 1-3, at 9-11.)
>
> 5. Prior to removal, Plaintiffs tendered a two-part settlement demand to Carrington for either (1) $100,000 cash or (2) $75,000 plus title to real property next door to Plaintiffs [*sic*], valued at $41,500. (Doc. 1-2; Ex. 1.)

Doc. no. 6 (Carrington Mortgage Services, L.L.C.'s Response in Opposition to Plaintiffs' Motion to Remand), at 1-2.

The Eleventh Circuit has articulated the following analytical framework for district courts to follow when determining, in the face of a motion to remand, whether a defendant has met its burden of demonstrating the requisite amount in controversy:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (same).

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, *courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.*

*Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (emphasis supplied).

Plaintiff's state-court complaint states that in

> *early 2015*, the underground septic tank on Defendant's property malfunctioned in some manner causing feces, urine, and other sewage to drain onto Plaintiff's property causing horrible smells, flooding of the land with waste, diminishing the value of Plaintiff's property, potentially affecting the Plaintiffs' health and the health of the public, and other ill effects. Plaintiff's grandchildren cannot play on the property and Plaintiffs must smell and see the sewage every day.

Doc. no. 1-3 (Complaint), ¶ 9 (emphasis supplied). Defendant foreclosed on the property in or about *November 2015*, and "has been aware of the issue" since "on or

about the date of their ownership of the property."[4] Moreover, the underground septic tank still was malfunctioning as of *February 2016*.[5] Although plaintiffs' complaint does not specify the amount of damages sought, that pleading describes the following injuries as having occurred: (1) loss of use of property; (2) diminution in value of property; (3) cost of remediating the property; and (4) mental anguish.[6] Plaintiffs seek compensatory and punitive damages.[7] *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (stating that punitive damages should be considered in determining the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered").[8]

The court concludes that it is apparent from the face of plaintiffs' state court complaint that the potential value of their claims exceeds $75,000.

Even if the court is incorrect in that conclusion, plaintiffs' assessment of the

---

[4] Doc. no. 1-3 (Complaint), ¶¶ 10-11.

[5] *Id.* ¶ 11.

[6] *See id.* ¶¶ 14, 17, 21, 25.

[7] *See id.* ¶¶ 14, 18, 21, 26.

[8] Alabama law allows a plaintiff who succeeds on a claim of wantonness to recover punitive damages. *See* Ala. Code § 6-11-20(a) (1975) ("Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, *wantonness*, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.") (emphasis supplied).

property's fair market value as being somewhere between $200,000 and $250,000,[9] and the settlement offers proposed by plaintiffs' counsel of $100,000 or, alternatively, $75,000 along with legal title to the adjacent property,[10] establish by a preponderance of the evidence that the requisite amount in controversy has been satisfied.

Accordingly, plaintiff's motion to remand is DENIED. The parties are directed to proceed with discovery in compliance with the Uniform Initial Order entered in this action.[11]

**DONE and ORDERED** this 1st day of July, 2016.

United States District Judge

---

[9] *See* doc. no. 1-1.

[10] *See* doc. no. 1-2.

[11] *See* doc. no. 2.